(95 Misc. Rep. 549)

### BRAND v. H. A. IMPROVEMENT CO. et al.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

**1. COURTS ⊂⇒190(2)—MUNICIPAL COURT—APPEAL—FINAL DECISION—STATUTE.**

Under Municipal Court Code (Laws 1915, c. 279) § 154, subd. 2, permitting an appeal from a final order in a special proceeding, a direct appeal will not lie from an order of the Municipal Court denying a witness' motion to vacate an attachment against his person, where nothing other than the release of the witness from arrest upon giving security was done regarding the disposition of the warrant of attachment until the witness moved to vacate it, since a proceeding to punish for a contempt is a special proceeding, while the order appealed from was not a final order.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊂⇒190(2).]

**2. COURTS ⊂⇒190(2)—MUNICIPAL COURT—APPEAL—STATUTE.**

Under Municipal Court Code, § 155, providing that an appeal taken from a judgment or final order brings up for review an intermediate order specified in the notice of appeal, when proceedings instituted by issuance of warrant of attachment against a witness are finally ended, an appeal will lie from the final order, and an intermediate order denying witness' motion to vacate the attachment can be reviewed on such appeal, if specified in the notice and necessarily affecting the final order.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊂⇒190(2).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis Brand against the H. A. Improvement Company and Louis Silverblatt, in which Samuel Silinsky was a witness. Said witness appeals from an order denying his motion to vacate an attachment against his person. Appeal dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Henry Gilbert, of New York City, for appellant.

Wm. J. Lippmann, of New York City, for respondent H. A. Improvement Co.

Charles Kraft, of New York City, for respondent Silverblatt.

---

GUY, J. [1, 2] The trial of this action had been set down for January 12, 1916. Upon the call of the calendar the case was marked "Ready." The appellant herein, one Silinsky, had been subpœnaed as a witness on the part of the defendant but failed to appear. An attachment was thereupon applied for by the defendant, the Improvement Company, and issued by the trial justice, and the case adjourned until January 19, 1916. The attachment was returnable on January 14, 1916, and was served on appellant on January 13th, and he deposited $25 with the clerk of the court as security and was released from arrest. The case was tried on January 19, 1916, and nothing further, as regards the disposition of the warrant of attachment, seems to have been done until February 17, 1916, when the appellant made a motion to vacate it. This motion came up for hearing before a justice other than the one who issued the attachment, and was denied by him upon the ground that a prior similar motion had been made and denied by the justice who granted the attachment. There is no proof of this in the present record, and the contrary appears by the affidavit of the appellant. That is not important, however, in the determination of the present appeal.

The defendant Improvement Company urged that the order is not an appealable one, but gives no reasons therefor. I am of the opinion, however, that the order cannot be made the subject of review by a direct appeal therefrom. There can be no doubt that a proceeding taken to punish for a contempt is a special proceeding. The Municipal Court Code (section 154, subd. 2) permits an appeal from "a final order in a special proceeding." The former Municipal Court Act provided for an appeal only from a final order in a "summary proceeding." The order appealed from in this case, however, is not a final order. The proceedings under the warrant of attachment have not as yet been finally adjudicated. They were held in abeyance until after the trial of the action, and so far as appears still remain in that condition. Section 155, Municipal Court Code, declares that:

"An appeal taken from a judgment or final order brings up for review an intermediate order which is specified in the notice of appeal," etc.

When the proceedings instituted by the issue of the warrant of attachment are finally ended, a final order will undoubtedly be entered, from which an appeal will lie, and an intermediate order can also be reviewed upon such appeal, if it is specified in the notice and necessarily affects the final order.

Appeal dismissed, with $10 costs. All concur.